UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CELTIC MARINE CORPORATION

VERSUS

CEMEX TRADING, LLC
AND INGRAM BARGE COMPANY

CIVIL ACTION NO.:

SECTION NO:

JUDGE:

MAGISTRATE:

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes Celtic Marine Corporation and hereby represents as follows:

1.

Plaintiff, Celtic Marine Corporation ("Celtic Marine"), is a Louisiana Corporation with its principal place of business in Baton Rouge, Louisiana.

2.

Defendant, Cemex Trading, LLC ("Cemex"), is a limited liability company organized and existing pursuant to the laws of the State of Delaware that is not licensed to do business in the State of Louisiana but which is doing business in the State of Louisiana.

3.

Defendant, Ingram Barge Company ("Ingram"), is a corporation organized and existing pursuant to the laws of the State of Tennessee and is subject to the jurisdiction of this court. Ingram's registered agent for service of process is CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana, 70808.

## JURISDICTION

4.

This Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and diversity of citizenship, 28 U.S.C. § 1332(a)(1), (3), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. Further, the dispute among the parties arises out of a maritime contract, so jurisdiction is proper under 28 U.S.C. § 1333.

## VENUE

5.

Jurisdiction and venue are proper pursuant to the forum selection clause in the contract between Celtic Marine and Cemex. Further, venue is proper under 28 U.S.C. § 1391(b) and (c), as both defendants are deemed to reside in this district, and a substantial part of the events giving rise to Celtic Marine's claims occurred in this district.

## FACTS

6.

In January 2008, Cemex entered into a contract with Celtic Marine entitled "2008 Annual Service Agreement" ("the Service Agreement"), pursuant to which Celtic Marine agreed to arrange barge transportation of white Portland cement from New Orleans, Louisiana to the

Holcim U.S. Cement Terminal in Houston, Texas on behalf of Cemex, and Cemex agreed to pay Celtic Marine for its services.

7.

Pursuant to the Service Agreement, Celtic Marine arranged with Ingram for cement from an oceangoing vessel, the M/V Elpida, to be loaded onto four barges owned and operated by Ingram.    These barges were the ING-5919, the ING-5759, the IN-085106, and the IN-075028 ("the Barges").

8.

Loading of the Barges in New Orleans finished on January 16, 2009, and the Barges were transported by Ingram to the Holcim U.S. Terminal in Houston, pursuant to the Service Agreement, arriving on January 26, 2009.

9.

Approximately 90 days after the Barges arrived in Houston, Cemex notified Celtic Marine that Cemex's customer, Lehigh White Cement Company, had rejected the Barges' cargo due to alleged damage.

10.

As of the date of the filing of this Complaint for Declaratory Judgment, the Barges still have not been unloaded.

11.

While the barges remain loaded with Cemex's cargo, Ingram charges demurrage of $250 per barge per day for a total of $1,000 per day pursuant to its arrangement with Celtic Marine, the terms of which are incorporated into the Service Agreement.

12.

The Service Agreement requires that Cemex pay Celtic Marine demurrage for any delay beyond the free days to which the parties agreed.  Specifically, the Service Agreement provides in pertinent part:

> 10) BARGE TERMS:  Six free days per barge, SHINC.
> Demurrage after expiration of free time at USD $275.00 per day until barge confirmed released by carrier.

13.

The Service Agreement allocates to Cemex responsibility for unloading the cargo and cleanings the barges.  Specifically, it provides in pertinent part:

> CLEANING AND ACCEPTANCE: ... Rates do not include cleaning expense that results from cargo or debris left aboard the barge in excess of normal cleaning (including working surfaces, gunnels, covers, decks, etc.) by [Cemex] or its agents at both loading and unloading point.  Any charges (including charges for lost barge days computed under the provisions hereof) encountered by [Celtic Marine] for removal of such cargo or debris shall be in addition to the rate and for [Cemex's] account.

> LOADING AND UNLOADING:  Proper loading of cargo shall be [Cemex's] responsibility and shall be accomplished by [Cemex] at its sole expense...Any additional cost or expense incurred by [Celtic Marine] as a result of improper loading or unloading shall be for the account of [Cemex].

14.

The Service Agreement further provides in pertinent part:

> PAYMENT OF FREIGHT:  When the barge initially starts on its voyage, the entire amount of the freight charge shall become earned and due and payable to [Celtic Marine] in cash or check without discount, cargo lost or not lost, damaged or not damaged, in whole or in part, at any stage of the voyage.  [Celtic Marine] will have a lien upon all cargo for any amount due hereunder, including demurrage, which lien will survive delivery of the cargo. All freight, demurrage and other charges shall be subject to an interest charge of 1-1/2% per month beginning 30 days after date

of invoice. [Cemex] shall further pay all costs and reasonable attorney fees incurred by [Celtic Marine] for the collection of all charges due and payable to [Celtic Marine] under this Contract.

15.

By letter of October 26, 2009, Celtic Marine called upon Cemex to fulfill its obligations to have the cargo unloaded and the barges cleaned and to pay demurrage pursuant to the pertinent agreements. Cemex denied any responsibility for these activities. Further, by letter of November 17, 2009 to Celtic Marine and Cemex, Ingram demanded that the responsible party proceed with the discharge of the cargo and pay the demurrage due, which amount continues to accrue. Accordingly, Celtic Marine is entitled to seek a declaratory judgment that Cemex has a duty to remove the cargo at issue from the Barges and to pay to Celtic Marine all demurrage due under the Service Agreement.

16.

Celtic Marine reserves the right to amend this Complaint to assert any other legal or contractual causes of action or grounds that may entitle it to relief.

17.

WHEREFORE, Celtic Marine Corporation respectfully requests that this Court enter declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2201 in its favor and against all defendants herein, finding that Cemex Trading, LLC has a duty to (1) remove the cargo at issue from the Barges and (2) pay to Celtic Marine all demurrage due under the Service Agreement. Celtic Marine Corporation further prays for such other relief in law or equity to which it may be entitled.

Respectfully submitted,


/s/ Susan Keller-Garcia
PATRICIA A. KREBS, T.A. (#2035)
SUSAN G. KELLER-GARCIA (#30574)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

Attorneys for plaintiff, Celtic Marine Corporation

**PLEASE SERVE:**

Cemex Trading, LLC
*By Long Arm Statute*
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

Ingram Barge Company
*Through its Registered Agent*
CT Corporation System
5615 Corporate Boulevard, Suite 400B
Baton Rouge, Louisiana, 70808